BRYSON, Circuit Judge,
concurring-in-part and dissenting-in-part.
I agree with the majority’s treatment of Frazier’s submission of the deceptive video to the PTO. I disagree, however, with the *1240 majority’s disposition of the claim of inequitable conduct with regard to the Roessel advertisement.
In ruling that the failure to disclose the Roessel advertisement did not constitute inequitable conduct, the majority relies heavily on the fact that it was not clear that the advertised lens contained one limitation in the ’236 patent, namely the field lens. However, a reference may still be material even if it lacks one limitation of the claimed invention. In Baxter International, Inc. v. McGaw, Inc., this court stated that “[a] difference in a single element, however important to the patented invention, is not automatically dispositive of the issue of materiality.” 149 F.3d 1321, 1328 (Fed.Cir.1998). The court in Baxter added:
Simply because the Borla Device lacked a pre-slit septum does not make it likely that a reasonable examiner would consider the reference unimportant in deciding whether to allow the patent. In other words, materiality is not analyzed in a vacuum. It is not dependent on a single element viewed in isolation. Rather, it is judged based upon the overall degree of similarity between the omitted reference and the claimed invention in light of the other prior art before the examiner. The district court therefore properly considered the totality of the claimed features in determining whether the Borla Device was material to the patentee’s application.
Id. In this case, the court found that the Roessel advertisement contained many features present in the ’236 patent: a periscope lens for cinematography with a “long, narrow tube-shaped body,” “the same ‘dual-swivel’ concept that Frazier claimed in his application,” and three optical axes. Those features, which were shown in the advertisement, were the features that Frazier argued made his lens patentable over the prior art. In light of Frazier’s argument for patentability made to the examiner, it was reasonable for the district court to find that the Roessel advertisement was material. See GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274 (Fed.Cir.2001).
In some cases, a feature might be so important to the patent that its absence from a prior art reference makes the reference immaterial. However, the arguable absence of the field lens in the Roessel advertisement does not have that significance. While the defendant’s expert, Mr. Laikin, testified that a person of ordinary skill in the art “would not necessarily know whether or not there was a field lens,” he also stated that the absence of a field lens would simply mean that the lens barrel would have to be larger. In other words, the field lens simply allows the lens barrel to be a “bit smaller” than it otherwise would. Therefore, the lack of the field lens should not play such a prominent role in assessing the materiality of the advertisement. Indeed, if the absence of a single limitation in an undisclosed prior art reference were enough to render that reference immaterial as a matter of law for purposes of an inequitable conduct claim, the only reference that could render a patent unenforceable for inequitable conduct would be a reference that would render the same patent invalid for anticipation. The doctrine of inequitable conduct is not so narrow that it applies only when patent claims are invalid. Li Second Family Ltd. P’ship v. Toshiba Corp., 231 F.3d 1373, 1380 (Fed.Cir.2000) (“Information concealed from the PTO may be material even though it would not invalidate the patent.”).
Beyond the field lens, the majority states that Mr. Laikin admitted that the “three optical axes” limitation was already before the examiner and that the Roessel *1241 advertisement did not disclose other claim limitations. That is not enough, in my view, to render the district court’s materiality determination clearly erroneous. In the first place, Frazier’s expert admitted that while other prior art before the examiner contained the three optical axes limitation, the advertisement was “a closer reference to the claims of Mr. Frazier” than the other references. Additionally, the district court specifically addressed and rejected the suggestion that the Roes-sel advertisement was cumulative:
The Roessel ad is not cumulative of any reference that was before the Examiner. As Frazier himself argued to the Examiner, the Nettmann references do not describe a lens system with two points of swivel rotation, as Roessel discloses. As Frazier also argued, the La-tady patent does not contain three optical axes, as Roessel discloses. Nor does any single Hajnal patent disclose a duel-swivel design on its own, as Roessel does. Finally, as Frazier argued, the Hopkins patent is not directed to the field of cinematography, as Roessel is.
In light of the deference due to the district court’s factual determination of materiality, I would uphold the full attorney fee award.