NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EULA WINFREY,**

*Plaintiff-Appellant*

**v.**

**US DEPARTMENT OF COMMERCE, PATENT AND TRADEMARK OFFICE,**

*Defendant-Appellee*

---

2024-1260

---

Appeal from the United States District Court for the Middle District of Georgia in No. 3:22-cv-00083-CDL, Judge Clay D. Land.

---

Decided: September 25, 2024

---

EULA WINFREY, Elberton, GA, pro se.

CONRAD JOSEPH DEWITTE, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON.

---

Before PROST, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Appellant Eula Winfrey appeals a decision from the United States District Court for the Middle District of Georgia granting the Department of Commerce's motion to dismiss for failure to state a claim. We affirm.

I

Ms. Winfrey initiated her suit before the United States District Court for the Middle District of Georgia, seeking "relief for the issue of two pillaged patents." SAppx. 1002.[1] Ms. Winfrey alleged that the United States Patent and Trademark Office (USPTO) "improperly denied her two patent applications[2] and wrongfully deemed the applications to be abandoned." SAppx. 1001. Additionally, Ms. Winfrey sought damages from the USPTO. SAppx. 1006. The agency, construing Ms. Winfrey's pro se complaint as asserting claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). According to the agency, Ms. Winfrey failed to file the required administrative claim for her FTCA claim. SAppx.

---

[1]    "SAppx." refers to the supplemental appendix filed by Appellee, United States Department of Commerce. *See* ECF No. 20.

[2]    The two alleged patent applications are 09/422,542 (the '542 application) for the "step up diaper," SAppx. 1002, and 15/932,395 (the '395 application) for the "stroller buddy," which claimed the benefit of an earlier provisional patent application 62/600,707 (the '707 application), SAppx. 1005. The original complaint raises the abandonment of the provisional '707 application, but due to the twelve-month pendency of the provisional application, the non-provisional '395 application is the subject of Ms. Winfrey's abandonment contentions.

1001. The agency also argued that one of Ms. Winfrey's APA claims was barred by collateral estoppel and the other APA claim failed because Ms. Winfrey did not show that she exhausted administrative remedies. *Id.*

On review, the district court granted the agency's Rule 12(b)(6) motion and dismissed the action. *Winfrey v. Dep't of Com.*, 3:22-cv-83-CDL (M.D. Ga. Jul. 20, 2023) (*Winfrey I*); SAppx. 1001–10. In its decision, the district court separately analyzed Ms. Winfrey's FTCA claim and her two patent-application-related APA claims against the USPTO. As to Ms. Winfrey's claim for money damages, the district court dismissed the tort claim "for failure to exhaust administrative remedies under the FTCA" because Ms. Winfrey had "failed to present an FTCA claim to the USPTO," as required by 28 U.S.C. § 2675(a). SAppx. 1006–07. The district court also dismissed Ms. Winfrey's APA claim related to the '542 patent application "based on the collateral estoppel doctrine," resulting from a prior district court action that dismissed the same APA claim. SAppx. 1007–08 (citing *Winfrey v. Kimberly-Clark Corp.*, 1:08-cv-2817-TWT (N.D. Ga. Dec. 5, 2008) (*Winfrey II*) (granting USPTO's motion to dismiss for failure to exhaust administrative remedies for the abandoned '542 patent application)). In the present case, the district court concluded that the "four conditions [for collateral estoppel we]re met,"[3] and noted

---

[3]    Applying Eleventh Circuit law, the district court noted that the collateral estoppel doctrine applies when:

(1) [T]he issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair

that the last time "[Ms.] Winfrey tried to bring another APA action in the Northern District [of Georgia] based on the '542 patent application," the trial court similarly found the claims barred by collateral estoppel. SAppx. 1007–08 (citing *Winfrey v. Kimberly-Clark Corp.*, 1:09-cv-02597-TWT (N.D. Ga. Jan. 25, 2010) (*Winfrey III*)). As for the remaining APA claim based on the '395 patent application, the district court determined that Ms. Winfrey "never filed a petition to revive the '395 application after the USPTO deemed it abandoned," and therefore the district court dismissed the claim for failure to exhaust administrative remedies. SAppx. 1009–10, 1010 n.4.

Ms. Winfrey timely noticed an appeal in the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit transferred the appeal to us because it raises a claim arising under an Act of Congress relating to patents. *See* 28 U.S.C. § 1295(a)(1); ECF No. 11 (letter of transfer from the Eleventh Circuit).

## II

We exercise exclusive jurisdiction "of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). Because Ms. Winfrey's complaint before the district court alleged that the USPTO improperly denied two patent applications and wrongfully deemed the applications to be abandoned, we have exclusive jurisdiction over this appeal.

---

opportunity to litigate the issue in the earlier proceeding.

SAppx. 1007 (quoting *Miller's Ale House, Inc. v. Boyton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012)).

III

The court applies regional circuit law to "procedural questions that are not themselves substantive patent law issues." *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). When applying Eleventh Circuit law, "we review the dismissal under Rule 12(b)(6) de novo, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *ABB Turbo Sys. AG v. TurboUSA, Inc.*, 774 F.3d 979, 984 (Fed. Cir. 2014) (citing *Speaker v. U.S. Dep't of Health & Hum. Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019) (quoting *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017)).

IV

On appeal, Ms. Winfrey does not challenge the district court's application of the law. Instead, Ms. Winfrey only argues that the district court's decision was factually incorrect. On review of the record, we affirm the district court's dismissal for the reasons stated below.

A

In Ms. Winfrey's complaint, she sought monetary damages from the USPTO for the alleged "pillaging and unethical practices that have taken place within Patent Office walls." Appellant's Informal Br. at 5. The district court dismissed Ms. Winfrey's claim for money damages after concluding that she failed to exhaust administrative remedies

required by the FTCA. Although Ms. Winfrey challenges the district court's dismissal, nowhere in any of her extensive filings before this court do we find evidence that Ms. Winfrey filed the requisite administrative claim to bring a claim for money damages against the USPTO. Nor does Ms. Winfrey contend that she filed any such claim. We therefore affirm the district court's dismissal of her claim for money damages.

B

Ms. Winfrey's complaint also alleges that the USPTO improperly denied her '542 patent application and wrongfully deemed the application to be abandoned. The district court, noting that Ms. Winfrey's same APA claim was dismissed in *Winfrey II* for failing to exhaust administrative remedies, dismissed the claim as barred by collateral estoppel. Although on appeal Ms. Winfrey challenges the USPTO's determination that the '542 application was abandoned, she does not challenge the district court's application of collateral estoppel. Nor does Ms. Winfrey point this court to any evidence that she properly petitioned for review of the USPTO's abandonment determination.

In *Winfrey II*, the district court dismissed Ms. Winfrey's APA claim relating to the '542 patent application abandonment determination after concluding she failed to exhaust administrative remedies. Subsequently, the district court in *Winfrey III* and the district court in this case both determined that because of the dismissal in *Winfrey II,* Ms. Winfrey was collaterally estopped from raising the same APA claim. On review of the record, we too conclude that Ms. Winfrey's claim against the USPTO relating to the abandonment of the '542 patent application is barred by the doctrine of collateral estoppel. *See Miller's Ale House*, 702 F.3d at 1318 (providing the four conditions for collateral estoppel). We therefore affirm the district court's dismissal of her APA claim relating to the '542 patent application's abandonment determination.

C

Ms. Winfrey's complaint also alleges that the USPTO improperly denied her '395 patent application and wrongfully deemed the application to be abandoned. The district court dismissed the APA claim after concluding that Ms. Winfrey did not exhaust the administrative remedies required to revive the patent application "after the USPTO deemed it abandoned." SAppx. 1009. On appeal, Ms. Winfrey challenges the facts relating to the USPTO's determination that she legally abandoned the '395 patent application. However, as with her APA claim for the '542 patent application, Ms. Winfrey fails to present any evidence that she filed a petition with the USPTO to revive her application or challenge its abandonment determination. Nor does Ms. Winfrey contend that she filed any such petition. Accordingly, there is no evidence in the record that Ms. Winfrey exhausted her administrative remedies. Because Ms. Winfrey failed to exhaust her administrative remedies, we affirm the district court's dismissal of her APA claim relating to the '395 patent application.

V

We have considered Ms. Winfrey's remaining arguments and find them unpersuasive. For the reasons stated above, we affirm the district court's Rule 12(b)(6) dismissal of Ms. Winfrey's action for failure to state a claim upon which relief can be granted.

**AFFIRMED**

COSTS

No costs.