**HORPHAG RESEARCH LTD, Plaintiff–counter–defendant–Appellee,**

v.

**Mario PELLEGRINI, dba Healthdiscovery.Com, Defendant,**

**and**

**Larry Garcia, dba Healthierlife.Com, Defendant–counter–claimant–Appellant.**

**Horphag Research Ltd, Plaintiff–counter–defendant–Appellee,**

v.

**Larry Garcia, dba Healthierlife.Com, Defendant–counter–claimant–Appellant.**

Nos. 01–56733, 02–55142.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Filed May 9, 2003.

Joe Izen, Bellaire, TX (argued); Larry Garcia, Pro Se, Houston, TX (brief), attorneys for the defendant-counter-claimant-appellant.

Marvin S. Gittes, Cobrin & Gittes, New York, NY, for the plaintiff-counter-defendant-appellee.

Before PREGERSON and THOMAS, Circuit Judges, and OBERDORFER,[1] Senior District Judge.

## OPINION

PREGERSON, Circuit Judge:

Defendant–Appellant Larry Garcia, proceeding largely pro se, appeals from the district court's grant of Plaintiff–Appellee Horphag Research, Ltd.'s (Horphag) motion for judgment as a matter of law following a four-day jury trial. In a separate appeal, Garcia challenges the district court's award of attorneys' fees to Horphag. Horphag brought an action against Garcia, doing business as "Healthierlife.com," for trademark infringement under 15 U.S.C. § 1114 (1999) and trademark dilution under 15 U.S.C. § 1125(c) (1999). The action was prompted by Garcia's use on his websites of the word "Pycnogenol," a trademark owned by Horphag.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We affirm the judgment of the district court both on the trademark infringement claim and the award of attorneys' fees related to this claim. There is ample evidence in the record to support Horphag's trademark infringement claim, even viewing the facts in the light most favorable to Garcia. Moreover, the district court did not abuse its discretion in awarding Horphag attorneys' fees related to the infringement claim, because the district court properly found that Garcia's infringement was willful and deliberate and that Garcia's counterclaims were groundless. With respect to the trademark dilution claim, we vacate the district court's judgment and remand to the district court to reconsider its holding in light of the recent Supreme Court opinion in *Moseley v. V. Secret Catalogue, Inc.*, — U.S. —, 123 S.Ct. 1115, 155 L.Ed.2d 1 (2003). We remand the related portion of the attorneys' fees award for reconsideration as well.

### FACTS and PROCEDURAL BACKGROUND

Horphag applied to register the trademark "Pycnogenol" for its pine bark extract product in 1990. In May 1993, the United States Patent and Trademark Office granted Horphag the trademark. Plaintiff has not authorized any other individual or entity to use its mark. Garcia is an entrepreneur who has used the Internet site "healthierlife.com," among others, to advertise and sell various pharmaceutical products, including "Pycnogenol" and "Masquelier's: the original French Pycnogenol." Garcia, allegedly to compare his product to Horphag's, repeatedly used Horphag's trademark "Pycnogenol" as a "meta-tag."[2]

---

**1.** The Hon. Louis F. Oberdorfer, Senior Judge, United States District Court for the District of Columbia, sitting by designation.

**2.** A meta-tag is used by Internet search engines (such as Google.com and Yahoo.com) as an indexing tool to determine which websites correspond to the search terms provided by a user.

On June 18, 1999, Horphag filed an action against Garcia alleging trademark infringement, false designation of origin, and trademark dilution under federal law, as well as trademark dilution and unfair competition under California law. After a long series of motions between the parties, the case went to a jury trial on July 24–27, 2001. On July 27, 2001, after both sides rested their respective cases, and before the case was submitted to the jury, the district court granted Horphag's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a).[3] The district court held that Garcia infringed and unlawfully diluted Horphag's trademark, Pycnogenol. On August 28, 2001, the district court entered judgment in Horphag's favor. On August 15, 2001, Garcia filed a motion for reconsideration under Fed.R.Civ.P. 59(e), which the district court denied on September 14, 2001. On January 4, 2002, the district court awarded attorneys' fees to Horphag. Garcia now appeals from the judgment as a matter of law and also challenges the award of attorneys' fees.

*DISCUSSION*

I. *Standard of Review*

■ A grant of a motion for judgment as a matter of law is reviewed de novo. *See Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1060 (9th Cir.2000). In reviewing a judgment as a matter of law, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. *See Reeves v. Sanderson Plumbing*

*Prod., Inc.,* 530 U.S. 133, 149–50, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■ An award of fees under the Lanham Act is reviewed for an abuse of discretion. *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1156 (9th Cir.2002). The district court has discretion to award attorneys' fees for actions to enforce trademarks, but only in "exceptional cases." *McClaran v. Plastic Indus., Inc.,* 97 F.3d 347, 364 (9th Cir.1996). This court has held that "exceptional cases" include cases that are *"either* groundless, unreasonable, vexatious *or* pursued in bad faith." *Cairns,* 292 F.3d at 1156 (emphasis in original) (internal quotation marks and citation omitted). Such fee awards are reviewed for an abuse of discretion. *Rio Prop. Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1023 (9th Cir.2002).

II. *Horphag's Claims of Trademark Infringement and Dilution*

■ Federal trademark law addresses "the dual purposes of infringement law: ensuring that owners of trademarks can benefit from the goodwill associated with their marks and that consumers can distinguish among competing producers." *Thane Int'l v. Trek Bicycle Corp.,* 305 F.3d 894, 900–01 (9th Cir.2002). To establish a trademark infringement claim under the Lanham Act, 15 U.S.C. §§ 1051–1127 (1999), a plaintiff must establish that the defendant is using a mark "confusingly similar" to the protectable trademark of the plaintiff. *Brookfield Communications, Inc. v. West Coast Entm't Corp.,* 174 F.3d

---

**3.** Rule 50(a) of the Federal Rules of Civil Procedure provides, in relevant part:

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that

party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury.

Fed.R.Civ.P. 50(a).

1036, 1046 (9th Cir.1999). Because Garcia admits to using Horphag's Pycnogenol trademark and specifically admits to using the Pycnogenol mark in the meta-tags for his websites, his use satisfies the terms of trademark infringement in the first instance. Thus, we must determine whether he adequately presents a defense to infringement under the Lanham Act.

■ There are two "fair use" defenses to trademark infringement. *Cairns,* 292 F.3d at 1150. In *Cairns,* this court described the difference between the "nominative" fair use and "classic" fair use defenses:

> The nominative fair use analysis is appropriate where a defendant has used the plaintiff's mark to describe the plaintiff's product, even if the defendant's ultimate goal is to describe his own product. Conversely, the classic fair use analysis is appropriate where a defendant has used the plaintiff's mark only to describe his own product, and not at all to describe the plaintiff's product.

*Id.* at 1152 (emphasis and footnotes omitted).

The classic fair use defense "applies only to marks that possess both a primary meaning and a secondary meaning—and only when the mark is used in its primary descriptive sense rather than its secondary trademark sense." *Brother Records, Inc. v. Jardine,* 318 F.3d 900, 905–06 (9th Cir. 2003) (citations and footnote omitted). The Pycnogenol mark does not possess any meaning other than its use as a registered trademark. Therefore, Garcia's use of the trademark plainly does not qualify for the classic fair use analysis.

■ The nominative fair use analysis "acknowledges that 'it is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark.'" *Brother Records,* 318 F.3d at 908 (quoting *New Kids on the Block v. News Am. Publ'g, Inc.,* 971 F.2d 302, 306 (9th Cir.1992)). "Still, the 'core element' of trademark infringement law is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes the product.'" *Id.* at 908 (quoting *Thane Int'l,* 305 F.3d at 901). Accordingly, this court has held that "the nominative fair use defense is available only if 'the use of the trademark does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one.'" *Id.* (quoting *New Kids,* 971 F.2d at 307–08).

■ This court looks to three factors in determining whether a defendant is entitled to the nominative fair use defense: (1) the product must not be readily identifiable without use of the mark; (2) only so much of the mark may be used as is reasonably necessary to identify the product; and (3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *New Kids,* 971 F.2d at 308. Because the only way Garcia could identify Pycnogenol is by using the mark, Garcia likely meets the first requirement. However, because Garcia's use of the mark in his websites is unreasonably pervasive, his chance of succeeding under this defense dampens upon consideration of the second and third factors. By using the mark so pervasively, not just in the text of his websites but also in the meta-tags used to link others to his websites, Garcia exceeds any measure of reasonable necessity in using the Pycnogenol mark. Moreover, the constant use of Horphag's Pycnogenol trademark and variants thereof, such as "the Original French Pycnogenol," likely suggests that Horphag sponsors or is associated with Garcia's websites and products. Therefore, Garcia cannot successfully assert this defense. Accordingly, we affirm

the district court's judgment with respect to Horphag's trademark infringement claim.

■ However, we vacate the district court's judgment on the trademark dilution claim and remand for reconsideration in light of the Supreme Court's recent decision in *Moseley,* —— U.S. at ——, 123 S.Ct. at 1115. The Supreme Court in *Moseley* expanded on the requirements for a trademark dilution claim under the Federal Trademark Dilution Act and emphasized the requirement of proof of actual dilution to succeed on such a claim. Because the district court did not have the opportunity to consider the facts of this case in light of the standard the Supreme Court articulated in *Moseley,* we vacate the district court's judgment on the trademark dilution claim and remand for reconsideration in light of *Moseley. See generally Moseley,* —— U.S. ——, 123 S.Ct. 1115, 155 L.Ed.2d 1 (2003); *see also Mattel, Inc. v. MCA Records, Inc.,* 296 F.3d 894, 903–07 (2002) (describing differences between trademark infringement and trademark dilution and discussing the three statutory exemptions from liability under the FTDA); *Avery Dennison Corp. v. Sumpton,* 189 F.3d 868, 873–77 (9th Cir.1999) (setting forth the four-fold test to evaluate whether a mark has been diluted).

III. *Garcia's Appeal of the Award of Attorneys' Fees to Horphag*

■ This court reviews a district court's award of attorneys' fees for an abuse of discretion. *Cairns,* 292 F.3d at 1156. An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *See Wing v. Asarco Inc.,* 114 F.3d 986, 988 (9th Cir.1997). Under the abuse of discretion standard, a reviewing court cannot reverse a decision of the district court unless the reviewing court has a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *SEC v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001).

■ Under § 1117(a) of the Lanham Act, a court may award the prevailing party reasonable attorneys' fees in exceptional circumstances. Exceptional cases include cases in which the infringement is malicious, fraudulent, deliberate, or willful. *Gracie v. Gracie,* 217 F.3d 1060, 1068 (9th Cir.2000); *see also Cairns,* 292 F.3d at 1156. The district court properly found that Garcia's infringement was willful and deliberate, and therefore, sufficient to justify an award of attorneys' fees. The district court stated that:

> [Garcia] used [Horphag's] registered trademark PYCNOGENOL as a meta-tag in his many websites. [Garcia] expressly admitted that he intended for his websites to gain priority in an Internet search for "PYCNOGENOL." This gave Internet searchers the false impression that the products sold on his website were either [Horphag's] product, products identical to [Horphag's] product, or products approved by [Horphag].

The district court's findings regarding Horphag's trademark infringement claim are supported fully by the record. Because nothing in the record indicates that the district court committed a clear error of judgment in awarding Horphag reasonable attorneys' fees, we affirm the award. In its fees analysis, the district court reasonably reduced the award to account for only the time spent on the issues on which Horphag prevailed. Before the district court, Horphag prevailed on its trademark dilution claim, and the district court awarded fees accordingly. Because we vacate and remand the district court's deci-

sion on the dilution claim, we also direct the district court to reconsider the portion of its fees analysis related to this dilution claim.

## CONCLUSION

We AFFIRM the district court's judgment as a matter of law for Horphag, except with respect to the trademark dilution claim. We VACATE the district court's judgment on trademark dilution and REMAND to the district court for reconsideration of that claim in light of *Moseley.* We AFFIRM the district court's award of attorneys' fees to Horphag.