Jonathan SMITH, Plaintiff—Appellant,

v.

CITY OF SAN BERNARDINO; Dean Colby, arresting officer and employee of the City of San Bernardino, Defendants,

and

David Green, arresting officer and employee of the City of San Bernardino, Defendant—Appellee.

No. 02–56398.

D.C. No. CV–98–01990–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 12, 2003.

Michael A. Smith, Arcadia, CA, for Plaintiff–Appellant.

Christopher D. Lockwood, Lewis, Brisbois, Bisgaard & Smith, LLP, San Bernardino, CA, for Defendants and Defendant–Appellee.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Jonathan Smith ("Smith") appeals the district court's grant of a directed verdict in favor of Officer David Green ("Green") in Smith's claim, brought under 42 U.S.C. § 1983, that Green violated his Fourth Amendment rights by using unjustified deadly force to apprehend Smith following an armed robbery. Smith bases his claim on injuries he received after Green shot at him twenty-one times following a high-speed chase in which Smith fired gunshots at Green from the passenger side of a vehicle fleeing an armed robbery. The district court granted Green's motion for a directed verdict after concluding that, as a matter of law, Green's use of force was justified and that no reasonable jury could conclude otherwise. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's granting of a motion for judgment as a matter of law *de novo*. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir.2003). We affirm.

Under Rule 50(a), trial court must direct a verdict if, under governing law, there can be but one reasonable conclusion as to that verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The district court granted Green's rule 50 motion after determining that Green's use of deadly force was justi-fied in light of *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). According to *Garner*, an officer is justified in using deadly force where the defendant poses a threat of death or serious injury to the officer or to others. *Id.* at 11–12.

In light of the standard articulated in *Garner*, a reasonable jury could not conclude that Green lacked sufficient justification in using deadly force. By the time Green fired at him, Smith had clearly demonstrated that he was a threat to Green and to others. Green faced an armed robbery suspect who had fired shots at Green from a car engaged in a high-speed chase through a residential neighborhood in morning rush hour traffic. The chase ended only when the fleeing car became blocked by a school van. Smith then exited the car with a gun. After Green's first volley of shots, Smith still refused to surrender when ordered. Instead, Smith appeared to be rolling over and reaching for a weapon.

There was no competent evidence inconsistent with Green's evidence concerning Smith's position when Green shot his second volley. Although Smith's police practices expert stated at trial his belief that Smith was shot in the back, not the chest, while on the ground, he gave no basis for this conclusion and was not qualified as a medical or forensics expert.

Based on these facts, the district court did not err in concluding that no reasonable jury would find that Green's use of deadly force was without justification.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. While Smith is correct that Federal Rule of Civil Procedure 50 required the district court to give Smith an opportunity to present fur-ther evidence to cure the defects of his case before granting judgment as a matter of law, *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir.1996), he points to no evidence in this appeal in addition to that already presented at trial that would cure the defects in his claim.

Accordingly, we affirm the directed verdict against Smith.

AFFIRMED.