**VISA INTERNATIONAL SERVICE ASSOCIATION, Plaintiff—Appellee,**

v.

**JSL CORPORATION, Defendant—Appellant.**

Nos. 02–17353, 03–15420.

D.C. Nos. CV–01–00294–LRH/LRL, CV–01–00294–LRH(LRL).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided Dec. 22, 2003.

---

M. Patricia Thayer, Beth M. Goldman, Heller Ehrman White & McAuliffe, San Francisco, CA, Michael J. McCue, Lewis and Rocca LLP, Las Vegas, NV, for Plaintiff–Appellee.

Thomas E. Moore, III, Tomlinson Zisko Morosoli & Maser, Palo Alto, CA, Cindy A. Cohn, Electronic Frontier Foundation, San Francisco, CA, Bradley L. Booke, Las Vegas, NV, for Defendant–Appellant.

Alan C. Drewsen, International Trademark Association, New York, NY, for Amicus.

Before PAEZ, BERZON, and BEA, Circuit Judges.

### MEMORANDUM *

■ In appeal No. 02–17353, JSL Corporation appeals the district court's injunction barring JSL from using or registering the mark "**eVisa**" or the domain name ‹evisa.com›.[1] We have jurisdiction over JSL's timely appeal pursuant to 28 U.S.C. § 1292(a)(1) and we vacate and remand.

■ The basis for the district court's injunction was its determination that JSL's use of the "eVisa" mark was "likely to dilute" the senior VISA mark, in violation of the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. § 1125(c)(1). However, after the district court issued the injunction and while JSL's appeal was pending, the United States Supreme Court decided *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 123 S.Ct. 1115, 155 L.Ed.2d 1 (2003), which clarified the standard of proof for trademark dilution under the FTDA. *Moseley* held that, to prevail on a FTDA claim, the plaintiff must establish *actual* dilution rather than the likelihood of dilution. *Id.* at 1124. "Because the district court did not have the opportunity to consider the facts of this case in light of the standard the Supreme Court articulated in *Moseley*, we vacate the district court's judgment on the trademark dilution claim and remand for reconsideration in light of *Moseley*." *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir.2003) (vacating and remanding judgment in favor of trademark holder's FTDA claim).

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In appeal No. 03–15420, JSL also appeals the district court's grant of partial summary judgment against JSL's trademark infringement counterclaim. However, because the district court did not enter an express final judgment as required under Federal Rule of Civil Procedure 54(b), it is not a "final decision" pursuant to 28 U.S.C. § 1291 and we do not have jurisdiction to review this appeal.

Accordingly, we vacate the district court's injunction, and remand for further proceedings consistent with this disposition.

Appeal No. 02–17353: **VACATED AND REMANDED.**

Appeal No. 03–15420: **DISMISSED.**