NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1182, -1196, -1197

JUMPSPORT, INC.,

Plaintiff-Appellant,

v.

JUMPKING, INC., ICON HEALTH AND FITNESS, INC.,
SAM'S WEST, INC. (doing business as Sam's Club),
SAM'S EAST, INC. (doing business as Sam's Club), and GLOBAL SPORTS, INC.,

Defendants-Cross Appellants.

and

WAL-MART STORES, INC.,

Defendant-Cross Appellant,

and

AMWAY CORPORATION (now known as Alticor, Inc.),

Defendant-Cross Appellant,

and

KMART CORPORATION, HEDSTROM CORPORATION,
and HAMMACHER SCHLEMMER & CO., INC.,

Defendants.

_____

DECIDED: July 21, 2006

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

LOURIE, Circuit Judge.

JumpSport, Inc. ("JumpSport") appeals from the judgment of the United States District Court for the Northern District of California following a jury verdict in favor of Jumpking, Inc. ("Jumpking"), ICON Health and Fitness, Inc. ("ICON"), Sam's West, Inc. and Sam's East, Inc. (collectively "Sam's Club"), Global Sports, Inc. ("Global"), Alticor Corporation (formerly Amway Corporation) ("Alticor"), and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively "defendants") of noninfringement of U.S. Patents 6,053,845 and 6,251,207 as to the FunRing-2 product, no willfulness as to infringement of valid claims, invalidity of certain claims of those patents, misjoined inventorship of Byron Bertsch, false advertising by JumpSport, and no damages for Jumpking's false advertising. JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. Mar. 18, 2004) (Judgment); JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. Mar. 18, 2004) (March 18, 2004 Order); JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. Aug. 20, 2004) (Aug. 20, 2004 Order); JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. Nov. 23, 2004) (Nov. 23, 2004 Order). JumpSport also appeals from the district court's grant of ICON's motion for summary judgment that ICON was not liable for contributory infringement of the '845 and '207 patents, the district court's grant of the defendants' motion for summary judgment that claims 16 and 40 of the '207 patent were invalid because of anticipation, and the district court's admission into evidence of noninfringement letters received by Jumpking and ICON. JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. Dec. 18, 2002) (Dec. 18, 2002 Order); JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. June 2, 2003) (June 2, 2003 Order).

Jumpking, ICON, Sam's Club, Global, Alticor, and Wal-Mart cross-appeal from the judgment of the district court following a jury verdict in favor of JumpSport of infringement of the '845 and '207 patents as to the FunRing-1 and JumpGuard products, no invalidity of certain claims of the '845 and '207 patents, no failure to join Gary Stoffer as a coinventor of the '845 and '207 patents, and no unenforceability of the '845 and '207 patents because of inequitable conduct. Judgment; August 20, 2004 Order; March 18, 2004 Order; Nov. 23, 2004 Order.

Because substantial evidence supports the jury's findings as to infringement, validity, inventorship, false advertising, and damages for false advertising, because the court did not err in holding that ICON is not liable for contributory infringement of the '845 and '207 patents and that claims 16 and 40 of the '207 patent were anticipated by the Curtis enclosure, and because the court did not abuse its discretion in determining that the patents were not unenforceable and in admitting noninfringement letters received by Jumpking and ICON into evidence, we affirm.

BACKGROUND

The '845 and '207 patents, both entitled "Trampoline or the Like with Enclosure," have almost identical specifications, and were issued to JumpSport as assignee. The invention is directed to a trampoline surrounded by a safety fence extending above the rebounding surface. '845 patent, Abstract; '207 patent, Abstract. As recited in independent claim 1 of the patents, the safety enclosure is comprised of flexible material that is coupled to a system of independent poles and to the rebounding mat. '845 patent, col. 20, ll. 27-39; '207 patent, col. 20, ll. 21-34.

Jumpking manufactures and sells trampoline enclosures, including the FunRing-1 and FunRing-2 products. ICON is Jumpking's parent corporation. Hedstrom Corporation ("Hedstrom") also manufactures and sells trampoline enclosures, including the JumpGuard product. Sam's Club, Global, Wal-Mart, and Alticor (collectively the "retailer defendants") are retailers that sell the FunRing-1 FunRing-2, and/or the JumpGuard products. On December 19, 2001, JumpSport filed a complaint against the defendants in the United States District Court for the Northern District of California alleging that the defendants infringed the '845 and '207 patents and asserting that Jumpking and ICON engaged in false advertising. The defendants filed counterclaims alleging invalidity of certain claims of the '845 and '207 patents and alleging unenforceability of those patents. Jumpking and ICON also asserted false advertising claims against JumpSport.

Prior to trial, the district court resolved two motions for summary judgment and issued a claim construction order. First, the court granted ICON's motion for summary judgment that ICON was not liable for contributory infringement. Dec. 18, 2002 Order, slip op. at 3. Second, the court granted the defendants' motion for summary judgment that claims 16 and 40 of the '207 patent were anticipated under § 102(b) because the Curtis enclosure was in public use more than a year before the patent application was filed. June 2, 2003 Order, slip op. at 4, 5, 9, 10. Third, the court issued a claim construction order adopting Jumpking's proposed definition of the claim term "independent poles" to mean "more than one structurally supportive member that is elongated and often cylindrical (or pieces of the same that connect together to form one pole) wherein each pole is not connected to another pole above the surface of the mat

05-1182, -1196, -1197                          4

in a substantively inflexible manner." JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986, slip op. at 1 (N.D. Cal. Aug. 21, 2003) (Claim Construction Order). See JumpSport, Inc. v. Jumpking, Inc., No. C 01-4986 (N.D. Cal. July 18, 2003) (July 18, 2003 Order) (holding that JumpSport's statements in its prosecution history did not limit the meaning of "independent poles" to exclude U-shaped poles, and thus adopting JumpSport's proposed construction of that term).

On December 5, 2003, the jury returned a verdict on the issues of infringement, validity, inventorship, false advertising, and false advertising damages. First, the jury found that Jumpking's FunRing-1 product infringed claims 1, 7, 13, and 17 of the '845 patent and claims 5, 9, and 14 of the '207 patent, that Hedstrom's JumpGuard product infringed claims 1, 2, 7, 15, and 17 of the '845 patent and claims 9 and 10 of the '207 patent, that the infringement was not willful, and that the FunRing-2 product did not infringe either the '845 or the '207 patent. The jury also determined that the retailer defendants and ICON were not liable for infringement. Second, the jury found that claims 2, 3, 11, and 12 of the '845 patent and claims 1, 24, 25, 31, 32, 33, and 35 of the '207 patent were invalid because of anticipation, and that claims 29 and 38 of the '207 patent were invalid because of obviousness. Third, the jury made findings of fact that Donald Strasser was a co-inventor of the '845 and '207 patents and that Byron Bertsch, a listed inventor on the patents, was not a co-inventor of the '845 and '207 patents. Finally, the jury found that both Jumpking and JumpSport engaged in false advertising under the Lanham Act, but that neither party owed damages to the other party.

Following the jury verdict, the court held that the applicant for the '845 and '207 patents did not engage in inequitable conduct and those patents were thus not

unenforceable.  March 18, 2004 Order, slip op. at 11-12.  The court also determined that both Jumpking and JumpSport engaged in false advertising under state law, and granted Jumpking's request for injunctive relief.  Id., slip op. at 1-5.  In addition, the court granted JumpSport's motion to correct inventorship to add Donald Strasser as an inventor and remove Byron Bertsch as an inventor of the '845 and '207 patents.  Id., slip op. at 7-8.

The court entered a final judgment on March 18, 2004.  Judgment, slip op. at 1.  The court then ruled on the parties' post-trial motions for judgment as a matter of law and/or motions for a new trial as to false advertising, co-inventorship, ICON's liability for infringement, and invalidity.  The court denied all those motions except for JumpSport's motion for a judgment as a matter of law that claims 2, 3, 11, and 12 of the '845 patent and claims 24, 25, 31, 33, and 35 of the '207 patent were not anticipated.  August 24, 2004 Order; Nov. 23, 2004 Order.

JumpSport timely appealed and the defendants timely cross-appealed the district court's judgment.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I.      Jury Verdict

"The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie."  Summit Tech., Inc. v. Nidek Co., 363 F.3d 1219, 1223 (Fed. Cir. 2004).   In the Ninth Circuit, both the grant and denial of a motion for judgment as a matter of law are reviewed de novo.  Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1040 (9th

Cir. 2003). Judgment as a matter of law requires that "we view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party." Id. (citation omitted). "The denial of a motion for a new trial is a procedural issue not unique to patent law which we review under the law of the regional circuit where the appeal from the district court normally would lie." EMI Group N. Am., Inc. v. Cypress Semiconductor Corp., 268 F.3d 1342, 1347 (Fed. Cir. 2001). In the Ninth Circuit, a district court's order denying a motion for a new trial is reviewed for abuse of discretion. Magnussen v. YAK, Inc., 73 F.3d 245, 246 (9th Cir. 1996).

A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury. TI Group Automotive Systems (N. Am.), Inc. v. VDO N. Am., L.L.C., 375 F.3d 1126, 1133 (Fed. Cir. 2004). An invalidity determination based on anticipation is also a question of fact that is reviewed for substantial evidence following a jury verdict. Id. We review a jury's conclusions on obviousness, a question of law, without deference, and the underlying findings of fact, whether explicit or implicit within the verdict, for substantial evidence. Id.

On appeal, JumpSport argues that the district court erred in not granting its motions for judgment as a matter of law and that the court abused its discretion in denying its motions for a new trial, asserting that (1) the FunRing-2 product infringes claims 1, 3, 12, 13, or 17 of the '845 patent and claim 14 of the '207 patent, (2) the FunRing-1 product infringes claim 12 of the '845 patent and claims 10, 25, 26, 28, 31, 33, 34, 35, and 37 of the '207 patent, (3) ICON induced infringement by the FunRing-1 product, (4) the retailer defendants are liable for infringement of the '845 and '207 patents, (5) claims 29 and 38 of the '207 patent are not invalid because of obviousness,

(6) Byron Bertsch is a co-inventor of the '845 and '207 patents, (7) JumpSport did not engage in false advertising, and (8) JumpSport has proven that it suffered damages from Jumpking's false advertising.  In particular, JumpSport contends that the district court's construction of the claim term "independent poles" requires a finding that the FunRing-2 product infringes the '845 and '207 patents.  The defendants respond that the court did not err in denying JumpSport's motions for judgment as a matter of law on infringement, validity, inventorship, false advertising, and false advertising damages, arguing that substantial evidence supports the jury verdict as to those issues, and that the court did not abuse its discretion in denying JumpSport's motions for a new trial.

On cross-appeal, Jumpking, ICON, Sam's Club, Global, and Wal-Mart argue that the district court erred in not granting its motions for judgment as a matter of law and/or that the court abused its discretion in denying its motions for a new trial, asserting that (1) claims 1, 7, and 17 of the '845 patent and claims 9 and 10 of the '207 patent are invalid on various grounds, (2) claim 3 of the '845 patent is invalid because of anticipation, (3) FunRing-1 does not infringe claim 13 of the '845 patent and claims 5 and 14 of the '207 patent, and (4) claims 26, 28, 34, and 37 of the '207 patent are invalid because of obviousness.  Alticor and Wal-Mart further contend that the court erred in not granting its motions for judgment as a matter of law and/or the court abused its discretion in denying its motions for a new trial, asserting that (1) claims 1, 7, 15, and 17 of the '845 patent are invalid, (2) claims 2 and 11 of the '845 patent are invalid because of anticipation, (3) the JumpGuard product does not infringe claims 9 and 10 of the '207 patent, and (4) Gary Stoffer should have been named a co-inventor on the '845 and '207 patents.  JumpSport responds that the court did not err in denying the

defendants' motions for judgment as a matter of law on infringement, validity, and inventorship, arguing that substantial evidence supports the jury verdict as to those issues, and that the court did not abuse its discretion in denying the defendants' motions for a new trial.

We conclude that substantial evidence supports the jury verdict as to infringement, validity, inventorship, false advertising, and damages for false advertising. In addition, although we have considered the parties' arguments on those issues, we conclude that the district court did not abuse its discretion in denying the parties' motions for a new trial on the issues of infringement, validity, and false advertising. Despite the excessive and undue multiplication of the issues on appeal, we will discuss them individually.

Turning first to infringement, we agree with the defendants that ample evidence exists in the record to support the verdict that FunRing-2 does not infringe the '845 and '207 patents. The asserted claims of the '845 and '207 patents require "independent poles," which the district court construed to mean "more than one structurally supportive member that is elongated and often cylindrical (or pieces of the same that connect together to form one pole) wherein each pole is <u>not connected</u> to another pole above the surface of the mat in a substantively <u>inflexible manner</u>." <u>Claim Construction Order</u>, slip op. at 1 (emphases added). That definition was proposed by JumpSport, and is not challenged by JumpSport on appeal. Because Jumpking presented evidence at trial that the poles in the FunRing-2 product are connected to each other in an "inflexible manner," substantial evidence supports the jury's conclusion that FunRing-2 does not infringe the '845 and '207 patents.

We also agree with the defendants that substantial evidence supports the jury's verdict that ICON did not induce infringement of the FunRing-1 product. Viewing the evidence in the light most favorable to the defendants, a jury could have reasonably concluded that JumpSport failed to prove that ICON had the requisite knowledge so as to be liable for inducement of infringement. We also agree with the defendants that substantial evidence supports the jury's verdict that the FunRing-1 product does not infringe additional claims of the asserted patents, <u>viz.</u>, claim 12 of the '845 patent and claims 10, 25, 26, 28, 31, 33, 34, 35, and 37 of the '207 patent.

In addition, we agree with the defendants that substantial evidence supports the jury's verdict that the retailer defendants are not liable for infringement of the '845 and '207 patents. JumpSport's only proof of direct infringement by the retailer defendants was testimony by JumpSport's expert based on raw sales data that were never shown to the jury. Moreover, JumpSport did not introduce any evidence on any retailer defendants' induced infringement. Accordingly, we affirm the judgment that the retailer defendants are not liable for infringement.

Further, we agree with JumpSport that substantial evidence supports the jury's finding that the FunRing-1 product infringes the '845 and '207 patents. The record contains evidence that stand-alone FunRing-1 enclosures were sold to consumers, and that Jumpking knew or should have known that consumers would assemble the enclosures around trampolines. Viewing that evidence in the light most favorable to JumpSport, a reasonable jury could have concluded that Jumpking's sales of FunRing-1 induced infringement.

Turning next to validity, we agree with JumpSport that substantial evidence supports the jury's finding that claims 1, 7, 15, 17 of the '845 patent and claims 9 and 10 of the '207 patent were not invalid. The defendants argue that the claims requiring end caps on the trampoline poles were rendered obvious by ASTM standards requiring mats on trampoline frames covering the springs and the covering of open tubing on home playground equipment. However, none of the ASTM standards expressly requires end caps on trampoline poles. We thus affirm the conclusion that invalidity of those claims was not shown.

Similarly, we reject the defendants' assertion that claims 31, 33, and 35 of the '207 patent are invalid because of obviousness. For the reasons already stated, it would not have been obvious to put end caps around the trampoline poles. Further, it would not have been obvious to use resilient sheaths on the trampoline poles because the ASTM standards require padding of the steel frame of the trampoline, not the trampoline poles. We also reject the defendants' assertions that claims 2, 3, and 11 of the '845 patent were not invalid for anticipation. Further, the defendants' motion for a new trial on validity was conditional, and none of those conditions was met.

In addition, we affirm the court's judgment that claims 29 and 38 of the '207 patent are invalid because of obviousness. JumpSport argues that those obviousness conclusions are invalid as a matter of law because of alleged inconsistencies in the jury verdict form. The jury indicated on the verdict form that claims 3, 11, and 12 of the '845 patent and claims 24 and 25 of the '207 patent would have been obvious in addition to being anticipated, even though the verdict form expressly instructed the jury to determine obviousness only for those claims that were <u>not</u> found to be invalid for

anticipation. That inconsistency was harmonized, however, when the district court disregarded the jury's answers as to those claims, first granting the defendants' motion for judgment as a matter of law that there was no anticipation of those claims, and then granting JumpSport's motion for judgment as a matter of law that the JumpGuard product infringed claim 11 of the '845 patent. Because the district court did not abuse its discretion in ignoring the jury's answers as to whether claims 3, 11, and 12 of the '845 patent and claims 24 and 25 of the '207 patent would have been obvious, we uphold the jury verdict of obviousness as to claims 29 and 38 of the '207 patent. Further, as noted, the defendants' motion for a new trial on that issue was conditional, and none of those conditions was met.

On the issue of inventorship, we agree with the defendants that substantial evidence supports the jury's finding that Bertsch was not a co-inventor of the '845 and '207 patents, and we agree with JumpSport that substantial evidence supports the jury's finding that Stoffer was omitted as a co-inventor of those patents. Finally, we agree with the defendants that substantial evidence supports the jury's verdict that JumpSport engaged in false advertising and that JumpSport suffered no damages from Jumpking's false advertising. Viewing the evidence in the light most favorable to Jumpking, a reasonable jury could have concluded that JumpSport did not demonstrate a sufficient nexus between the statements and any monetary damages. Accordingly, we affirm the judgment of JumpSport's false advertising and no damages for Jumpking's false advertising.

## II. Inequitable Conduct

We review a district court's ultimate determination of inequitable conduct for abuse of discretion, and its threshold findings regarding materiality and intent to mislead for clear error. Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1379 (Fed. Cir. 2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

On cross-appeal, the defendants argue that the district court abused its discretion in holding that there was no inequitable conduct. The defendants point out that the court failed to address the materiality of the withheld references. JumpSport responds that the district court's decision should be affirmed because there was no clear and convincing evidence of intent, and the references were not material.

We agree with JumpSport that the district court did not abuse its discretion in determining that there was no inequitable conduct. "A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution." Digital Control, Inc. v. Charles Mach. Works, 437 F.3d 1309, 1313 (Fed. Cir. 2006). "The party asserting inequitable conduct must prove a threshold level of materiality and intent by clear and convincing evidence." Id. Here, the district court found that there was no clear and convincing evidence of a culpable intent by the applicant to withhold references. Based on the record, we conclude that that finding was not clearly erroneous. Further, the court's failure to

determine the materiality of the withheld references was not legal error because intent is a "a separate and essential component of inequitable conduct." GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274 (Fed. Cir. 2001) (quoting Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 552 (Fed. Cir. 1990)). Accordingly, the court did not abuse its discretion in holding that the '845 and '207 patents were not unenforceable for inequitable conduct.

III. Summary Judgment

We review a district court's grant of summary judgment de novo, reapplying the standard applicable at the district court. Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1301 (Fed. Cir. 1999). Summary judgment is appropriate when it has been shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Contract Mgmt., Inc. v. Rumsfeld, 434 F.3d 1145, 1146 (9th Cir. 2006).

On appeal, JumpSport argues that the district court erred in granting ICON's motion for summary judgment that ICON was not liable for contributory infringement because ICON's sales of replacement parts did not constitute "permissible repair." JumpSport also contends that the court erred in granting the defendants' motion for summary judgment that the Curtis enclosure was in public use and anticipated claims 16 and 40 of the '207 patent because Curtis maintained control of the enclosure, it was located in his backyard, and he did not commercialize it.

ICON responds that the district court correctly held that there was no genuine issue of material fact regarding whether ICON was liable for contributory infringement. ICON concedes that the court erroneously relied on the doctrine of permissible repair,

but asserts that that error was harmless because there was no evidence that anyone actually purchased FunRing repair parts using ICON's website. In addition, the defendants argue that the court did not err in granting the defendants' motion for summary judgment that the Curtis enclosure was in public use and anticipated claims 16 and 40 of the '207 patent because there was corroborated evidence that Curtis did not put any restrictions on access to the trampoline, including its enclosure.

We agree with ICON that there was no genuine issue of material fact that ICON was not liable for contributory infringement. 35 U.S.C. § 271(c) provides that "[w]hoever offers to sell or sells within the United States . . . a component of a patented machine, manufacture, combination or composition . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." In order to succeed on a claim of contributory infringement, the plaintiff must show an act of direct infringement. Golden Blount, Inc. v. Robert H. Peterson Co., 365 F.3d 1054, 1061 (Fed. Cir. 2004) (citations omitted). Here, JumpSport did not introduce any evidence of direct infringement, viz., that anyone purchased repair parts using ICON's website, and used those parts to engage in direct infringement. Accordingly, we affirm the court's grant of ICON's motion for summary judgment of no contributory infringement.

We also agree with the defendants that there was no genuine issue of material fact regarding whether the Curtis enclosure anticipated claims 16 and 40 of the '207 patent. 35 U.S.C. § 102(b) provides that "[a] person shall be entitled to a patent unless . . . the invention was . . . in public use or on sale in this country, more than one year

prior to the date of the application for patent in the United States." "We have defined 'public use' as including 'any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor.'" Lough v. Brunswick Corp., 86 F.3d 1113, 1119 (Fed. Cir. 1996) (citations omitted). Here, there is no question that Curtis did not limit, restrict, or oblige to secrecy the persons in the neighborhood who used his trampoline enclosure, and therefore it was in public use. Moreover, while Curtis maintained control of the trampoline in his backyard, he did not control access to it or make any effort to keep it confidential. Because JumpSport concedes that if the Curtis enclosure is considered to have been in public use, claims 16 and 40 of the '207 patent are invalid, we thus affirm the court's grant of the defendants' motion for summary judgment.

IV.    Evidentiary Ruling

We review evidentiary rulings of the district court, applying the law of the regional circuit. Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1363 (Fed. Cir. 2004). The Ninth Circuit reviews evidentiary rulings for abuse of discretion; to reverse, we must conclude both that the district court abused its discretion and that the error was prejudicial so that it more probably than not tainted the verdict. McEuin v. Crown Equip. Corp., 328 F.3d 1028, 1032 (9th Cir. 2003).

On appeal, JumpSport argues that the district court abused its discretion in admitting into evidence noninfringement letters received by Jumpking and ICON. According to JumpSport, those letters were not probative of willfulness and were unduly prejudicial. Jumpking and ICON respond that the noninfringement letters served to

confirm prior oral opinions and were relevant to the "totality of circumstances" in showing good faith.

We agree with Jumpking and ICON that the district court did not abuse its discretion in admitting the noninfringement letters in evidence. Because the written letters confirmed the conclusion of an earlier oral opinion that the FunRing-1 and FunRing-2 products did not infringe the '207 patent and/or the patent was likely invalid, they were relevant to the willfulness inquiry. To the extent the letters exceeded the scope of the oral opinions that they were purported to confirm, the general counsel for Jumpking and ICON testified that it was because new information had become available in the meantime. Moreover, because JumpSport was able to cross-examine both the general manager of Jumpking and the general counsel for Jumpking and ICON concerning the differences between the oral and written opinions, the admission of the letters was not prejudicial. Accordingly, the court acted within its discretion in admitting the letters.

We have considered the parties' remaining arguments and find them to be unpersuasive. If we have not expressly dealt with any of the argued issues in this opinion, it is not because we have failed to consider it. We have considered all issues that were raised in the voluminous briefs and found none that justify a reversal.

CONCLUSION

Because the jury verdict as to infringement, validity, inventorship, and false advertising was supported by substantial evidence, we affirm the district court's judgment on those issues. We also affirm the court's grant of ICON's motion for summary judgment that ICON is not liable for contributory infringement of the '845 and

'207 patents, and the court's grant of the defendants' motion for summary judgment that claims 16 and 40 of the '207 patent were invalid. In addition, we affirm the court's determination of no inequitable conduct and its admission of noninfringement letters received by Jumpking and ICON into evidence as within the court's discretion. In sum, we affirm the district court's judgment in all respects.