MEMORANDUM **
Archie Hapai and John P. Dunbar appeal pro se from the district court’s judgment awarding attorneys’ fees to World Triathlon Corporation after it obtained summary judgment against them in a trademark infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s determination that a case is “exceptional” under 15 U.S.C. § 1117(a) such that attorneys’ fees may be warranted. Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir.2003). Where a trademark case is exceptional, we review a district court’s decision to award attorneys’ fees for an abuse of discretion. Id. We affirm the judgment as to Dunbar and dismiss as to Hapai.
We dismiss Hapai’s appeal from the judgment because he does not dispute that he did not sign his notice of appeal. See Elias v. Connett, 908 F.2d 521, 522 n. 1 (9th Cir.1990) (declining to consider issues raised by an appellant who did not personally sign her notice of appeal).
*780 The district court properly determined that this case is “exceptional” under 15 U.S.C. § 1117(a), because the record shows that Dunbar’s infringement was “willful and deliberate, and therefore, sufficient to justify an award of attorneys’ fees.” Horphag Research Ltd. v. Pellegrini, 337 F.3d 1036, 1042 (9th Cir.2003); see Earthquake Sound Corp., 352 F.3d at 1217-18 (affirming award of attorneys’ fees under section 1117(a) because the infringement “was not a particularly close case” and defendant “did not establish that it took reasonable measures ... to investigate possible infringement liability” when it had reason to believe that it may have been infringing on a trademark). Moreover, the district court did not abuse its discretion in awarding attorneys’ fees once it determined that the ease was “exceptional.” See Horphag Research, 337 F.3d at 1042 (affirming award of attorneys’ fees where “[t]he district court’s findings regarding ... trademark infringement [wejre supported fully by the record” and there was no indication that the district court “committed a clear error of judgment in awarding” the fees).
Dunbar’s remaining contentions are unavailing.
Appeal number 08-16470 is DISMISSED.
The judgment in appeal number 08-16475 is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.