# FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROADRUNNER TRANSPORTATION SERVICES, INC., | No. 14-55448 |
| Plaintiff - Appellee, | D.C. No. 8:10-cv-01534-AG-MLG |
| v. | MEMORANDUM* |
| JOHN TARWATER, | |
| Defendant - Appellant. | |

| | |
|---|---|
| ROADRUNNER TRANSPORTATION SERVICES, INC., | No. 14-55529 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01534-AG-MLG |
| v. | |
| JOHN TARWATER, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 10, 2016
Pasadena, California

Before: MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.

John Tarwater appeals the district court's entry of default judgment and award of attorneys' fees in favor of his former employer, Roadrunner Transportation Services, Inc. Roadrunner cross-appeals the district court's compensatory damages award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by entering default judgment as a sanction for Tarwater's deletion of data from his laptop computers. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957-58 (9th Cir. 2006) (describing standard of review for spoliation sanctions). There was ample evidence that Tarwater deleted emails and files on his laptops after receiving multiple preservation demands from Roadrunner, and even after the court explicitly ordered Tarwater to preserve "all data" on his electronic devices. In addition to Tarwater's own admissions, a third-party computer expert concluded that files on one of Tarwater's devices had been deleted and overwritten during the litigation, and that the deletions likely "bypasse[d] the [computer's] Recycle Bin" through a user-

[**] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

initiated process. In light of the evidence of spoliation, and the nature of Roadrunner's claims, the district court did not clearly err in finding that Tarwater willfully destroyed the data, that Roadrunner had been deprived of its "primary evidence of Tarwater's alleged misappropriation and related misconduct," and that a less drastic sanction could not have adequately redressed the prejudice to Roadrunner. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348-55 (9th Cir. 1995).[1]

2. The district court did not abuse its discretion by awarding Roadrunner $325,000 in attorneys' fees. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir. 2003). The court carefully considered the billing entries and reasonableness of the hourly rates for Roadrunner's attorneys and reduced the award to reflect an appropriate level of staffing for the case. The district court also properly accounted for the degree of success achieved by Roadrunner, as well as the public's interest in protecting trade secrets. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 227 (9th Cir. 2013).

---

[1] Even assuming that applying amended Rule 37(e) (effective December 1, 2015) to this case were "just and practicable," the district court's findings would lead to the same conclusion: Tarwater acted with the intent to deprive Roadrunner of the spoliated information's use in this litigation. *See* Fed. R. Civ. P. 37(e).

3

3. The district court properly limited Roadrunner's compensatory damages to the four customers specifically identified in the First Amended Complaint. *See* Fed. R. Civ. P. 54(c); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

**AFFIRMED.**