**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YESENIA EQUIHUA-EQUIHUA; et al., | No. 16-35125 |
| Plaintiffs-Appellants, | D.C. No. 9:14-cv-00268-DWM |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 5, 2017
Seattle, Washington

Before: LIPEZ,<sup>**</sup> WARDLAW, and OWENS, Circuit Judges.

Yesenia Equihua-Equihua ("Equihua") appeals the district court's denial of

attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

§ 2412(d). We reverse and refer the case to the Appellate Commissioner for the calculation of attorney's fees and expenses.

1.    Equihua is a prevailing party because the district court's order holding the case in abeyance was sufficient to confer judicial imprimatur on the material alteration of the parties' relationship. *See Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007). The order held the case in abeyance "pursuant to the stipulation of the parties," wherein the government promised that it would not deny Equihua's I-485 application based on her *Quilantan* admission. The district court committed an error of law by requiring express incorporation of the stipulated terms, when incorporation by reference is sufficient. *See Carbonell v. I.N.S.*, 429 F.3d 894, 897, 901–02 (9th Cir. 2005) (holding that a district court order stating only "[i]t is so ordered" conferred judicial imprimatur and enforceability on an adjacent stipulation); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009) (same).

2.    The Department of Homeland Security's ("DHS") position was not substantially justified, and the district court abused its discretion in concluding otherwise. A district court abuses its discretion, *inter alia*, when its decision rests on irrelevant considerations. *See, e.g.*, *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014) (stating that, under abuse of

discretion standard, the appellate court "must consider whether the district court's decision was based on a consideration of the relevant factors"); *United States v. Mancinas-Flores*, 588 F.3d 677, 683 (9th Cir. 2009) (citing *Ins. Co. of N. Am. v. Moore*, 783 F.2d 1326, 1328 (9th Cir. 1986) (describing abuse of discretion as requiring determination "that the district court's exercise of discretion was based on consideration of the relevant factors")); *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir. 2003) ("Under the abuse of discretion standard, a reviewing court cannot reverse a decision of the district court unless the reviewing court has a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."); *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir.), *amended*, 854 F.2d 359 (9th Cir. 1988) (citing with approval *United States v. Kramer*, 827 F.2d 1174, 1179 (8th Cir. 1987) (defining abuse of discretion as the court failing to consider a significant factor, or "an irrelevant or improper factor is considered and given significant weight")).

Here, the district court relied on two irrelevant considerations. First, the district court analyzed legal bases that the United States Citizenship and Immigration Service ("USCIS") could have relied upon to conclude it was not bound by a decision from an Immigration Judge ("IJ"), rather than USCIS' actual

3

position, which was to ignore the IJ entirely. Second, after extensive discussion concluding that there was legal uncertainty around whether an IJ's decision had preclusive effect on USCIS, the district court considered whether USCIS' adverse credibility determination was supported by substantial evidence. But whether or not there is an evidentiary basis for an adverse credibility determination is irrelevant to the question of whether USCIS' decision to conduct a de novo credibility analysis was substantially justified. And the relevance of any evidentiary basis to overall substantial justification depends on the preclusive effect of the IJ's ruling.

Instead, the district court should have considered "whether the position of the government was, *as a whole*, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (quotation omitted). DHS' conduct and position was neither satisfactory or justified. First, one agency of DHS, Immigration and Customs Enforcement ("ICE") subjected Equihua to deportation proceedings. Second, after the IJ ruled against it, finding that Equihua credibly demonstrated a *Quilantan* admission, ICE voluntarily terminated those proceedings. Third, ICE's sibling agency within DHS, USCIS, ignored the IJ's ruling and denied Equihua's I-485 on the basis that she did not credibly demonstrate a *Quilantan* admission (relying on minor inconsistencies that were all

4

also before the IJ).  And fourth, as soon as Equihua filed this mandamus action, DHS reversed course again and stipulated that USCIS would act as though the IJ's decision precluded it from denying Equihua's I-485 on the basis of her *Quilantan* admission.

3.        As Equihua is the prevailing party and the government's position was not substantially justified, she is entitled to attorney's fees and expenses.  28 U.S.C. § 2412(d)(1)(A).  The matter is referred to the Appellate Commissioner, who shall conduct proceedings to calculate the proper amount of fees and expenses and who shall have the authority to enter an order awarding fees and expenses to Equihua.  *See* Ninth Cir. R. 39-1.9.[1]

**REVERSED; REFERRED TO THE APPELLATE COMMISSIONER.**

---

[1] The government's attempt to circumvent our court's order denying its motion to file a surreply via its motion to strike unspecified portions of Equihua's reply brief is DENIED.

*Equihua-Equihua v. Sessions*, No. 16-35125

OWENS, Circuit Judge, dissenting:

I respectfully dissent. In my view, the district court did not abuse its discretion in determining that its own abeyance order was not "an enforceable, judicially sanctioned award" in the plaintiffs' favor. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009). Nor did the court abuse its discretion in concluding that the government's litigating position was substantially justified—an analysis to which the state of the law governing an IJ decision's preclusive effect, as well as the government's reasons for questioning Equihua-Equihua and Diaz's credibility, were surely relevant. *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009) ("We review for abuse of discretion the district court's decision to award fees under the EAJA."); *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1042 (9th Cir. 2003) ("An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found. . . . Under the abuse of discretion standard, a reviewing court cannot reverse a decision of the district court unless the reviewing court has a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." (internal quotation marks omitted)).