NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE CONWAY WOOD; RENEE WOOD,

　　　　　Plaintiffs-Appellants,

　v.

PAUL R. PANTHER, Deputy Attorney General; et al.,

　　　　　Defendants-Appellees.

No.　23-35407

D.C. No. 1:15-cv-00092-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted January 14, 2025[**]

Before:　WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Plaintiff-Appellant Lance Wood ("Wood"), an incarcerated individual, and

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

Renee Anderson ("Anderson"),[1] Wood's former spouse, brought this action under 42 U.S.C. § 1983 against Defendants-Appellees, for alleged violations of their constitutional rights. Wood and Anderson now appeal from the district court's orders dismissing Anderson's claims with prejudice for failure to prosecute and dismissing Wood's claims with prejudice for failure to state a claim. We lack jurisdiction over Anderson's appeal and therefore dismiss it. We have jurisdiction over Wood's appeal pursuant to 28 U.S.C. § 1291. We affirm.

As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1.      The court lacks jurisdiction over Anderson's appeal because she failed to sign the notice of appeal, as required by Federal Rule of Civil Procedure 11 and Federal Rule of Appellate Procedure 3(c).[2] *See, e.g.*, *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) (dismissing a party's appeal for lack of jurisdiction

---

[1] Renee Wood's name was restored to her maiden name, Renee Shereen Anderson, after she dissolved her marriage to Lance Wood in 2017. For simplicity, we refer to her by her current name throughout.

[2] Defendant-Appellee Buie moved the court to take judicial notice of the Oregon state court judgment dissolving Wood and Anderson's marriage. (Docket No. 19). We grant this motion because relevant court proceedings are properly subject to judicial notice and the dissolution of the parties' marriage shows that Federal Rule of Appellate Procedure 3(c)(2), which provides that an appellant may sign a notice of appeal on behalf of themselves and their spouse, is not applicable here. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

because only her co-party signed the notice of appeal); *Elias v. Connett,* 908 F.2d 521, 522 n.1 (9th Cir. 1990) (declining to consider appeal because appellant did not personally sign her notice); *World Triathlon Corp. v. Hapai*, 320 F. App'x 778, 779 (9th Cir. 2009) (same). We therefore dismiss Anderson's appeal.

2. The district court properly dismissed Wood's third amended complaint for failure to state a claim because he asserts only sweeping, conclusory allegations against all defendants and fails to identify facts that connect specific defendants to specific actions. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("[l]iability under § 1983 arises only upon a showing of personal participation by the defendant."); *McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996) (holding that a complaint must at least allow defendants to determine "what [they] are being sued for"). Consequently, Wood has not stated any plausible claims, and we affirm dismissal with prejudice of his fourth complaint.

**AFFIRMED.**